IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02939-PAB

KERI LYNN VIEGAS™, and
JAMES VIEGAS®™,

Plaintiffs,

v.

REED W. OWENS,
CHRIS KILKENNY,
KATHLEEN NEEL,
RANDALL M. CHIN,
NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC,
SHELLPOINT MORTGAGE SERVICING, and
GENA OSBORN,

Defendants.

---

**ORDER TO SHOW CAUSE**

---

The Court takes up this matter *sua sponte*. On November 7, 2023, plaintiffs Keri Lynn Viegas™ and James Viegas®™ filed a complaint against defendants Reed W. Owens, Chris Kilkenny, Kathleen Neel, Randall M. Chin, Newrez LLC, Shellpoint Mortgage Servicing, and Gena Osborn. Docket No. 1.[1] Plaintiff are appearing *pro se* in this matter. *See id*. at 6.

"Federal law authorizes parties to 'plead and conduct *their own cases* personally or by counsel.'" *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished) (quoting 28 U.S.C. § 1654). However, corporations, limited liability

[1] Plaintiffs state that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiffs assert claims under the Fourth and Fifth Amendments of the United States Constitution, as well as several federal statutes. Docket No. 1 at 4.

companies ("LLCs"), and other business entities must be represented by an attorney. *See, e.g., id*. ("Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel." (citations omitted)); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *Lunnon v. United States*, 2022 WL 17729999, at *6 (10th Cir. Dec. 16, 2022) (discussing the "long-standing rule 'that a corporation may appear in the federal courts only through licensed counsel'" (citation omitted)). The Court's Local Rules provide that, if a business entity fails to secure the prompt appearance of counsel, "pleadings and papers may be stricken" and "other sanctions may be imposed against the entity." D.C.COLO.LAttyR 5(b).

It is unclear from the complaint whether plaintiffs are individuals or business entities. The case caption contains a "TM" symbol next to plaintiffs' names. Docket No. 1 at 1. Furthermore, plaintiffs' signatures on the complaint state, "James Viegas, beneficiary for JAMES VIEGAS®TM" and "Keri-Lynn Viegas, beneficiary for KERI LYNN VIEGASTM A/K/A KERI VIEGASTM." *Id*. at 6. Because it is unclear whether plaintiffs are individuals or business entities, the Court is unable to determine whether plaintiffs are permitted to proceed *pro se* or whether plaintiffs must retain counsel.

Accordingly, it is

**ORDERED** that, on or before **December 12, 2023**, plaintiffs shall identify whether "Keri Lynn ViegasTM" and "James Viegas®TM" are individuals or business entities. If plaintiffs are business entities, plaintiffs shall identify what type of entities

"Keri Lynn Viegas™" and "James Viegas®™" are and shall explain why the individuals, James Viegas and Keri Lynn Viegas, are beneficiaries for those entities.

DATED November 28, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge