IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02939-PAB

KERI LYNN VIEGAS™, and
JAMES VIEGAS®™,

    Plaintiffs,

v.

REED W. OWENS,
CHRIS KILKENNY,
KATHLEEN NEEL,
RANDALL M. CHIN,
NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC,
SHELLPOINT MORTGAGE SERVICING, and
GENA OSBORN,

    Defendants.

---

## SECOND ORDER TO SHOW CAUSE

---

    The matter before the Court is plaintiffs' Response to Order to Show Cause [Docket No. 15].

    On November 28, 2023, the Court issued an order to show cause to plaintiffs Keri Lynn Viegas™ and James Viegas®™.  Docket No. 14.  The Court explained that, while natural persons may proceed *pro se* in a case, business entities must be represented by an attorney.  *Id*. at 1-2 (citing *United States v. Lain*, 773 F. App'x 476, 477 (10th Cir. 2019) (unpublished); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *Lunnon v. United States*, 2022 WL 17729999, at *6 (10th Cir. Dec. 16, 2022); D.C.COLO.LAttyR 5(b)).  The Court stated that

> It is unclear from the complaint whether plaintiffs are individuals or business entities.  The case caption contains a "TM" symbol next to plaintiffs' names.  Docket No. 1 at 1.  Furthermore, plaintiffs' signatures on the complaint state,

> "James Viegas, beneficiary for JAMES VIEGAS®™" and "Keri-Lynn Viegas, beneficiary for KERI LYNN VIEGAS™ A/K/A KERI VIEGAS™." *Id*. at 6. Because it is unclear whether plaintiffs are individuals or business entities, the Court is unable to determine whether plaintiffs are permitted to proceed *pro se* or whether plaintiffs must retain counsel.

*Id*. at 2.  Accordingly, the Court ordered plaintiffs, on or before December 12, 2023, to "identify whether 'Keri Lynn Viegas™' and 'James Viegas®™' are individuals or business entities.  If plaintiffs are business entities, plaintiffs shall identify what type of entities 'Keri Lynn Viegas™' and 'James Viegas®™' are and shall explain why the individuals, James Viegas and Keri Lynn Viegas, are beneficiaries for those entities."  *Id*. at 2-3.

On December 4, 2023, plaintiffs filed a response to the Court's order to show cause.  Docket No. 15.  Plaintiffs state that "Plaintiffs are keri lynn viegas, the living woman and james viegas, the living man and are the grantors and sole beneficiaries for the trusts KERI LYNN VIEGAS and JAMES VIEGAS and all variations of names."  *Id*. at 1.  Plaintiffs further state that the "beneficiaries are the claimants commanding equitable remedy.  There is an express trust that clearly states who the executor is and who the trustee is . . . ."  *Id*. at 2.

Plaintiffs' response to the Court's order to show cause is not responsive.  The response fails to identify whether the plaintiffs listed in the case caption, Keri Lynn Viegas™ and James Viegas®™, are individuals, business entities, or trusts.  If plaintiffs Keri Lynn Viegas™ and James Viegas®™ are natural persons, then plaintiffs may proceed in this case *pro se*.  However, if plaintiffs are trusts, then plaintiffs must retain counsel.  *See Lain*, 773 F. App'x at 477 (discussing how trusts may only appear in court through licensed counsel because trusts are "artificial entities that exist independently of

their trustee or trustees. . . if the trustee is not a licensed attorney, he or she cannot represent the trust").

Accordingly, it is

**ORDERED** that, on or before **December 22, 2023**, plaintiffs shall identify whether plaintiffs "Keri Lynn Viegas™" and "James Viegas®™" are **natural persons** or **trusts**, and if natural persons, what the difference is between "Keri Lynn Viegas™" and Keri Lynn Viegas and between "James Viegas®™" and James Viegas.

DATED December 11, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge