IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23–cv–02939–PAB–MDB

KERI LYNN VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

REED W. OWENS,
CHRIS KILKENNY,
KATHLEEN NEEL,
RANDALL M. CHIN,
NEWREZ LLC f/k/a NEW PENN FINANCIAL LLC,
SHELLPOINT MORTGAGE SERVICING, and
GENA OSBORN,

    Defendants

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Defendant Kathleen Neel's Motion to Dismiss Plaintiffs' Amended Complaint (["Neel Motion"], Doc. No. 80), Defendant Randall M. Chin's Motion to Dismiss (Doc. No. 82), Defendants Judge Reed W. Owens' and Chris Kilkenny's Motion to Dismiss (Doc. No. 83), and NewRez, LLC d/b/a Shellpoint Mortgage Servicing's[1] Motion to Dismiss Plaintiffs' First Amended Original Complaint (Doc. No. 99). (collectively the "Motions") Plaintiffs have responded in opposition to each of the Motions (Doc. Nos. 85; 86; 87;

---

[1] According to Defendant NewRez, LLC, NewRez and Shellpoint are erroneously sued as separate entities. (Doc. No. 99 at 1.)

101), to which Defendants Neel and Chin have replied (Doc. Nos. 92; 94). After reviewing the Motions, briefing, and relevant law, the Court **RECOMMENDS** the Motions be **GRANTED** and this case dismissed.

## SUMMARY FOR *PRO SE* PLAINTIFFS

The Court is recommending that Defendants' Motions to Dismiss be granted because under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over claims that are inextricably intertwined with the underlying foreclosure state court proceeding. Further, your claims under the Seventh Amendment, the Truth in Lending Act, the Real Estate Settlement Procedures Act of 1974, the Colorado Fair Debt Collection Practices Act, and various federal criminal statutes, fail to state causes of action and require dismissal. This is only a high-level summary of the Court's Recommendation, which is set forth below, along with information about your right to object to this decision.

## STATEMENT OF THE CASE[2]

In the Amended Complaint, Plaintiffs appear to contend they own the property at 67 Norse Lane #3-14, in Dillion, Colorado [the "Norse Lane Property"]. (Doc. No. 72 at ¶ 6.) On October 9, 2018, Plaintiffs took out a loan with an original principal amount of $252,000 from

---

[2] Plaintiffs' Complaint is difficult to parse through and the Court agrees with Defendants' characterization of many of the allegations as incomprehensible, or legal conclusions, some of which appear to be irrelevant. (*See generally* Doc. No. 80 at 4 (characterizing swaths of the Complaint as "legal conclusions"); Doc. No. 99 at 1 (characterizing the Amended Complaint as "mostly incomprehensible and shotgun").) Still, the Court has done its best to read the Complaint liberally and set forth the crux of Plaintiffs' claims in the manner most favorable to Plaintiffs. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) ("A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff.").

Optimus First, Inc.[3], which was secured by a deed of trust on the Norse Lane Property. (Doc. No. 72-1 at 11–16 (a copy of the loan agreement submitted by Plaintiffs).) Plaintiffs allege that "on or about March 22, 2022, they requested "a debt validation" connected to the loan agreement from a "Mr. Cooper," but "questioned the validity of the documents" provided to them. (Doc. No. 72 at ¶ 6.) Plaintiffs say [s]everal attempts were made to obtain wet signature documents," and they "notified Mr. Cooper in writing stating that the contract was rescinded." (*Id.*) However, "Mr. Cooper responded on or about July 28, 2022 stating that the Plaintiffs could not do that." (*Id.*) Plaintiffs say "[n]o proof of 'debt' was ever provided." (*Id.*)

Plaintiffs also appear to allege they "entered into a real estate contract on or about July 31, 2022," to sell the Norse Lane Property. (*Id.* at ¶ 9.) According to Plaintiffs, during the sales process, the title company retained by the buyers (Title Company of the Rockies) "kept asking for personal social security numbers" which Plaintiffs refused to provide. (*Id.*) Plaintiffs go on to contend that "[d]uring the closing process" Plaintiffs produced a "release of a deed of trust," however, "Defendant Gena Osborn[4] stated in an email on September 14, 2022 that the Plaintiffs cannot sign the release of deed of trust and that she was going to look into why the Public Trustee signed this and recorded it." (*Id.* (internal citation omitted).) Plaintiffs say they were ultimately "forced to terminate the sales contract due to [Defendant Osborn's] collusion with

---

[3] According to Defendant NewRez, LLC, "NewRez began servicing [the loan on] November 1, 2022." (Doc. No. 99 at 2.)

[4] According to Plaintiffs, Defendant Osborn was affiliated with or employed by the Title Company of the Rockies during the events in question. (Doc. No. 72 at ¶ 9.)

3

Defendant Kathleen Neel[5] to undo a lawfully recorded document violating Title 18 USC § 241."[6]

(*Id.* at ¶ 10.)

Plaintiffs go on to allege they were contacted by Defendant Chin[7] in January 2023 in connection with a potential foreclosure proceeding regarding the Norse Lane Property. (*Id.* at ¶ 13 ("On or about January 2023, the Plaintiffs were notified by Defendant Randall M. Chin regarding alleged debt on an unenforceable Deed of Trust.").) The foreclosure action was

---

[5] Defendant Neel worked in the Summit County Public Trustee's office during the events in question. (Doc. No. 80 at 3.)

[6] The Neel Motion provides useful context for these allegations:

> Plaintiffs produced a release of a deed of trust which listed only the Plaintiffs on the document, omitting any other party. Plaintiffs later filed and recorded this release of a deed of trust with Defendant Neel's Office, the Summit County Public Trustee's office. With this release of a deed of trust recorded, Plaintiffs allege that they closed the real estate transaction with the Buyers.
>
> Plaintiffs then allege that the Title Company (acting on behalf of the Buyers) declined to close the real estate transaction because Plaintiffs were the only party that signed the release of the deed of trust. Plaintiffs allege that the Title Company (acting somehow as an agent of the mortgage loan servicer) caused that real estate transaction to fall through. Specifically, Plaintiffs allege that the Title Company "colluded" with Ms. Neel to "undo a lawfully recorded document. . ." Plaintiffs are referring to the fact that the Release of the Deed of Trust was rescinded by Ms. Neel because the lender did not sign the release.

(Doc. No. 80 at 2–3 (internal citations omitted); *see* Doc. No. 80-5 (showing the signature of Keri L. Viegas on the section entitled "lender" in the rescinded release of the deed of trust); Doc. No. 56-1 (showing emails between Plaintiffs and Defendant Osborn regarding the deed of trust submitted and cited to by Plaintiffs)); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

[7] Defendant Chin is apparently affiliated with Defendant NewRez, LLC. (Doc. No. 72 at ¶ 24 (saying Defendant Chin is an "agent for Defendants NewRez LLC").)

eventually commenced by Defendant NewRez, LLC ("NewRez") on April 30, 2023. *See Newrez LLC, d/b/a Shellpoint Mortgage v. Keri Viegas, et al.*, No. 2023CV30065 (Summit County District Court). Plaintiffs say they filed "a response" on May 31, 2023. (Doc. No. 72 at ¶ 20). The foreclosure action proceeded to an allegedly "unconstitutional" Colo. R. Civ. P. Rule 120 hearing before Defendant Judge Owens on August 16, 2023. (Doc. No. 72 at ¶ 21–22; *see id.* at ¶ 21 (ostensibly stating that the hearing was set by Defendant Kilkenny).) At the hearing, Defendant Judge Owens entered an order authorizing the foreclosure sale of the Norse Lane Property. (*Id.* at ¶ 23.) Plaintiffs contend this order was "based upon fraudent (sic) information and with objective bad faith conduct to include no due process or a trial by jury therefore violating 4th and 7th Amendments of the Constitution." (*Id.*) Plaintiffs further contend Defendant Kilkenny deprived them of due process by failing to provide them a transcript as requested or to serve them with copies of orders entered by the court. (*Id.* at ¶ 22.)

Plaintiffs eventually made a cure payment to reinstate the loan (*Id.* at ¶ 24 ("Plaintiffs were then extorted by being forced to pay a cure or lose private property. The extortion payment was provided to Defendant Kathleen Neel on September 7, 2023.").) Plaintiffs allege that "[a]fter the extortion payment was sent to Defendant Kathleen Neel, Shellpoint Mortgage Servicing continued to add more unenforceable fees and continues to add more fees as of the date of this Amended Complaint."[8] (*Id.* at ¶ 25.)

Based on these allegations, Plaintiffs appear to assert the following damages claims:

---

[8] According to Defendant NewRez, following the cure payment, "NewRez moved to vacate the sale and the court vacated the sale on September 7, 2023." (Doc. No. 99 at 2 (citing 99-4 (showing the Summit County motion and order)).)

- **All defendants**: violations of Plaintiffs' Fourth, Fifth, and Seventh Amendment rights. (*Id.* at ¶ 1);

- **Defendants Neel, Osborn, Judge Owens, Chin, and NewRez**: violations of 18 U.S.C. § 241 and 18 U.S.C. § 242 by (*Id.* at ¶¶ 10; 22),

- **Defendants Neel and Osborn**: violations of 18 U.S.C. § 474 (*Id.* at ¶ 10);

- **Defendant NewRez**: a violation Colo. Rev. Stat. § 5-16-107, a provision of the Colorado Fair Debt Collection Practices Act ("CFDCPA") (*Id.* at ¶ 11); and,

- **Defendant Chin**: violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act of 1974 ("RESPA") (*Id.* at ¶ 13).

Plaintiffs also appear to seek an order "expung[ing] the Deed of Trust."[9] (*Id.* at ¶ 37.)

All Defendants argue under *Rooker-Feldman*, contending many of the claims are barred. (Doc. No. 80 at 6–9; Doc. No. 82 at 9–10; Doc. No. 83 at 5–7; Doc. No. 99 at 6–7.) Defendants also launch 12(b)(6) challenges, arguing Plaintiffs have failed to state causes of action on certain claims. (Doc. No. 80 at 9–15; Doc. No. 82 at 4–9; Doc. No. 83 at 10–15; Doc. No. 99 at 8–12.) Additionally, Defendants Judge Owens and Kilkenny argue they are entitled to absolute immunity for all actions taken within the foreclosure proceedings. (Doc. No. 93 at 8–10.) Defendants Judge Owens, Kilkenny, and Neel further assert qualified immunity. (*Id.* at 15–17; Doc. No. 80 at 9–15.)

## LEGAL STANDARD

I.   **Federal Rule of Civil Procedure 12(b)(1)**

---

[9] According to Defendant NewRez, Plaintiffs seek to "enjoin any further efforts by NewRez to enforce its loan." (Doc. No. 99 at 7.)

Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). Indeed, courts have an independent obligation to determine whether subject matter jurisdiction exists, *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co. KG*, 762 F.3d 1016, 1029 (10th Cir. 2014), even in the absence of a challenge from any party, *1mage Software, Inc. v. Reynolds & Reynolds, Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may bring either a facial or factual attack on subject matter jurisdiction, and a court must dismiss a complaint if it lacks subject matter jurisdiction. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). For a facial attack the court takes the allegations in the Complaint as true; for a factual attack the court may not presume the truthfulness of the Complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citing Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995)). The burden of establishing jurisdiction rests with the party asserting jurisdiction. *See Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017).

**II.     Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

7

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a Rule 12(b)(6) motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," *i.e.,* those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id*. at 679.

### III.   *Pro Se* Plaintiffs

Plaintiffs are proceeding *pro se*. The court, therefore, "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines*, 404 U.S. at 520–21 (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which

relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiffs' *pro se* status does not entitle them to the application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## ANALYSIS

### I.   The *Rooker-Feldman* Doctrine

"The *Rooker-Feldman* doctrine provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018) (quoting *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)) (alteration omitted); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The doctrine prevents lower federal courts from exercising jurisdiction "over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the [federal] district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Because the *Rooker-Feldman* doctrine "implicates [the Court's] subject matter jurisdiction," the Court addresses it "before turning to the merits of the case." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010).

The doctrine applies to claims where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023) (citing *Exxon Mobil*, 544 U.S. at 284). "Where these factors exist, [a federal district court] lack[s] subject matter jurisdiction." *Id.* (citing *Lance*, 546 U.S. at 465). It precludes claims "actually decided by a state court," as well as claims "inextricably intertwined with a prior state-court judgment." *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006)). "A claim is inextricably intertwined if the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*." *Tal*, 453 F.3d at 1256 (internal quotation marks and citation omitted) (emphasis in original).

"The *Rooker-Feldman* doctrine 'has a narrow scope.'" *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)). The doctrine "does not deprive a federal court of jurisdiction to hear a claim just because it could result in a judgment inconsistent with a state-court judgment." *Mayotte*, 880 F.3d at 1174. "There is no *jurisdictional* bar to litigating the same dispute on the same facts that led to the state judgment." *Id.* (emphasis in original); *see Lance*, 546 U.S. at 466 ("*Rooker-Feldman* is not simply preclusion by another name.")." What *is* prohibited under *Rooker-Feldman* is a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte*, 880 F.3d at 1174 (citing *Exxon Mobil*, 544 U.S. at 291) (emphasis in original). "The essential point

10

is that barred claims are those 'complaining of injuries caused by state-court judgments."
*Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting *Exxon Mobil*, 544 U.S. at 284). "In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Id.*

Here, Plaintiffs take issue with the foreclosure action and contend that a deprivation of their rights resulted in the foreclosure, and attendant injuries. In asserting specific claims, Plaintiffs appear to invoke the unreasonable search and seizure provision of the Fourth Amendment, the Fifth Amendment's Due Process Clause, and the right to a jury trial found in the Seventh Amendment to the United States Constitution. (*See* Doc. No. 72 at 1–2; *see also* Doc. No. 72 at 15 ("Defendant Reed W. Owens knowingly ordered the forced sale of private property on August 16th, 2023 based upon fraudent (sic) information and with objective bad faith conduct to include no due process or a trial by jury therefore violating 4th and 7th Amendments of the Constitution."); Doc. No. 72 at 3 ("Plaintiffs assert reputational harm, negative credit reporting and mental anguish injuries due to publication of private information allowing harassing phone calls, emails and trespassing violating 4th, 5th, and 7th Amendment Constitutional rights.").)

Plaintiffs' constitutional claims in this action are nearly identical to the constitutional claims considered in *Driskell v. Thompson*. 971 F. Supp. 2d 1050, 1065 (D. Colo. 2013). As in this case, the *Driskell* plaintiff argued that a Rule 120 proceeding and eventual foreclosure violated his Fourth, Fifth, and Seventh Amendment rights. *Id.* at 1056. The *Driskell* court considered *Rooker-Feldman*'s application to plaintiff's constitutional claims, determining the Fourth and Fifth Amendment claims were barred but that his Seventh Amendment claim could

11

proceed to a merits review. *Id.* at 1062–65. The Court has reviewed the *Driskell* decision and finds the court accurately and persuasively applied *Rooker-Feldman* to the claims at issue there. As such, the Court finds *Driskell* instructive and proceeds in similar fashion here.

First, to the extent Plaintiffs state a Fifth Amendment claim for a violation of their due process rights in connection with the foreclosure proceeding, such a claim would directly challenge the process previously afforded during the foreclosure proceeding. In other words, Plaintiff's Fifth Amendment due process claim is inextricably intertwined with a state court proceeding. *See Tal*, 453 F.3d at 1256 (stating a claim is inextricably intertwined with the state court proceeding when a plaintiff alleges the state court proceeding actually and proximately caused the injury alleged in federal court). Thus, the claim is barred by *Rooker–Feldman* and should be dismissed. *See Dillard v. Bank of New York*, 476 Fed.Appx. 690, 692 (10th Cir. 2012) (holding that the district court correctly dismissed the plaintiff's due process claim in a foreclosure proceeding for lack of jurisdiction pursuant to the *Rooker–Feldman* doctrine); *Driskell*, 971 F. Supp. at 1065 ("To the extent Plaintiff is claiming that the state court erred by permitting Defendant ... to proceed with the foreclosure process, 'the more appropriate remedy is to pursue an independent action in state court that challenges the [state court's] order authorizing foreclosure and the sale of the property.'" (quoting *Yokomizo v. Deutsche Bank Sec., Inc.*, 2011 WL 2912691, at *2 (D. Colo. July 20, 2011))).[10]

---

[10] To the extent the Amended Complaint's unexplained citations to Article II, §§ 3 and 25 of the Colorado Constitution are intended as separate due process claims under the state constitution, the same *Rooker-Feldman* analysis applies. *See* Colo. Const. art. II, § 25 ("No person shall be deprived of life, liberty or property, without due process of law."); Colo. Const. art. II, § 3 ("All persons have certain natural, essential and inalienable rights, among which may be reckoned the right of enjoying and defending their lives and liberties; of acquiring, possessing and protecting property; and of seeking and obtaining their safety and happiness."); *see also Himmler v.*

Second, Plaintiffs' invocation of the Fourth Amendment's protection from unlawful searches and seizures is vague and of unclear application to the facts at issue. But like with the due process claim, a Fourth Amendment search and seizure challenge to the foreclosure and sale of the Norse Lane Property is barred by the *Rooker–Feldman* doctrine because it amounts to a collateral attack on a state court judgment. *See Dillard v. Clark,* No. 12–cv–02266–BNB, 2013 WL 1685840, at *5 (D. Colo. April 18, 2013) (finding the court lacked subject matter jurisdiction to hear Fourth Amendment claim based on an alleged unauthorized eviction); *Driskell*, 971 F. Supp. 2d at 1065 (finding the same).[11]

Plaintiffs' Seventh Amendment claim, however, appears to be different. It seems this is a challenge the *constitutionality* of the hearing process delineated in Colo. R. Civ. P. Rule 120—namely the lack of a jury trial during a Rule 120 proceeding. Plaintiffs' claim is thus not a challenge to the *decision* reached by the state court in the Rule 120 proceeding, and the claim is therefore not barred by the *Rooker–Feldman* doctrine. *See Driskell*, 971 F. Supp. 2d at 1065. Thus, the Court proceeds to analyze the Seventh Amendment Claim in the context of Defendants' Rule 12(b)(6) challenge.

## II.   Fed. R. Civ. P. 12(b)(6)

---

*Brodbeck*, 2005 WL 2450156 (D. Colo. Sept. 30, 2005) (dismissing claims predicated on Colo. Const. art. II, § 25 and Colo. Const. art. II, § 3 on *Rooker-Feldman* grounds).

[11] Even assuming Plaintiffs' due process and unlawful search and seizure claims are not defeated by *Rooker-Feldman*—either in whole or as applied to certain Defendants—the Court would nevertheless recommend their dismissal pursuant to Rule 12(b)(6) due to their vague, conclusory, and confusing nature. *See Hall,* 935 F.2d at 1110 (a *pro se* litigant's "conclusory allegations … are insufficient to state a claim…."); *Whitney*, 113 F.3d at 1173–74 (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake*, 927 F.2d at 1159 (the court may not "construct arguments or theories for the plaintiff[.]"); *Montoya*, 296 F.3d at 957 (courts cannot apply different rules to *pro se* plaintiffs).

A. **Seventh Amendment Claim**

Though not barred by the *Rooker-Feldman* doctrine, Plaintiffs' Seventh Amendment Claim still fails as a matter of law. As the *Driskell* court found, "[a]n administrative proceeding brought pursuant to Colo. R. Civ. P. 120 does not violate Plaintiff's Seventh Amendment rights." *Id.* at 1070; *see Ramsey v. Citibank, N.A.*, 2011 WL 4485918, at *4 (D. Colo. Sept. 28, 2011), *aff'd*, 475 F. App'x 711 (10th Cir. 2012) ("Plaintiffs argue, however, that Colorado foreclosure law under Colo. R. Civ. P. 120 violates due process as it does not ... provide a right to appeal or a jury trial. I disagree."); *see also* C.R.C.P. 120 ("The granting of a motion authorizing a foreclosure shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction."). Plaintiffs do not present any reason to deviate from this holding, and the Court does not independently see one.[12] The Court recommends this claim be dismissed.

B. **Civil Claims Brought under Criminal Statutes**

Plaintiffs purport to bring civil damages claims under various federal criminal statutes. As noted above, Plaintiffs contend that Defendants Neel, Osborn, Judge Owens, Chin, and NewRez violated 18 U.S.C. § 241 and 18 U.S.C. § 242, and that Defendants Neel and Osborn violated 18 U.S.C. § 474. *See supra* at 6. However, these federal criminal statutes do not create private rights of action and are not enforceable in a civil suit. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution

---

[12] Even assuming the Rule 120 procedure presented Seventh Amendment concerns, the Plaintiffs' allegations are too vague and conclusory to plausibly establish a Seventh Amendment claim. *See Iqbal*, 556 U.S. at 678 (stating that a court must dismiss a complaint which "tenders' naked assertion[s]' devoid of 'further factual enhancement'" (citation omitted)).

14

or nonprosecution of another."); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); ([C]riminal statutes ... do not provide for a private right of action and are thus not enforceable through a civil action."); *see also Perer v. McCollum*, 2022 WL 17404257, at *2 (D. Colo. Dec. 2, 2022) (noting that 18 U.S.C. § 241 and § 242 do not create civil causes of action); *Tunne v. Discover Fin. Servs., Inc.*, 2024 WL 2960564, at *4–5 (S.D.N.Y. May 13, 2024) (noting that 18 U.S.C. § 474 does not create civil causes of action)."As such, Plaintiff[s] cannot recover civil damages for an alleged violation of a criminal statute." *Rojas v. Meinster*, 2019 WL 8331476, at *4 (D. Colo. July 2, 2019). Accordingly, the Court recommends these claims be dismissed.

### C. Colorado Fair Debt Collection Practices Act Claim

Next, Plaintiffs allege Defendant NewRez violated Colo. Rev. Stat. § 5-16-107, a provision of the CFDCPA that bans the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiffs appear to contend that Defendant NewRez violated this provision by "attempting to collect the debt knowing that they lack the right to do so." (Doc. No. 72 at ¶ 11.) Plaintiffs say Defendant NewRez has "made false, deceptive, and misleading representations violating" the CFDCPA.

"A party who alleges fraud must 'set forth the who, what, when, where and how of the alleged fraud.'" *Mbaku v. Bank of Am., Nat. Ass'n*, 628 F. App'x 968, 975 (10th Cir. 2015) ((affirming district court finding that "plaintiffs' [CFDCPA] claim failed because they provided no factual basis for their allegations." (quoting *U.S. ex. rel. Sikkenga v. Regence Bluecross Blueshield,* 472 F.3d 702, 727 (10th Cir. 2006) (internal quotation marks omitted)). The circumstances surrounding the alleged fraud must be stated with particularity. Fed. R. Civ. P. 9(b).

15

Plaintiffs' allegations fall far short of that standard. Their CFDCPA claim appears to be predicated on some vague notion that Plaintiffs' loan was improperly assigned to Defendant NewRez and is thus unenforceable. But the Amended Complaint fails to detail what allegedly false or deceptive representations Defendant NewRez made, who made them on Defendant NewRez's behalf, when each representation was made, and how they were connected to the collection of a debt as contemplated by the CFDCPA.[13] Accordingly, the Court recommends the claim's dismissal.

### D. TILA, RESPA Claims

Finally, Plaintiffs appear to contend that Defendant Chin violated the TILA and RESPA when Plaintiffs' inability to contact Defendant Chin after being notified of "alleged debt on an unenforceable Deed of Trust," caused Plaintiffs to lose "the opportunity to ask for Debt Validation" prior to the foreclosure proceedings. (Doc. No. 72 at ¶ 13.) But Plaintiffs do not specify which provisions of the TILA or RESPA were allegedly violated, nor do they describe the application of the TILA or RESPA to the alleged lack of opportunity to ask for a debt validation. Moreover, the Court struggles to see how Defendant Chin could be held responsible for Plaintiffs' alleged inability to ask for Debt Validation. Specifically, Plaintiffs allege Defendant Chin reached out to Plaintiffs, and when Plaintiffs attempted to respond, they were unable to get a hold of him due to an "[in]valid address" provided by Defendant Chin. (*Id.*) It is unclear what, if any, specific wrongdoing on Defendant Chin's part is being alleged. Further, Plaintiffs' do not allege facts from which the Court can infer some wrongdoing. And indeed,

---

[13] Indeed, over its 40 pages, the Amended Complaint only references section 5-16-107 once. (Doc. No. 72 at ¶ 11.)

16

Plaintiffs' admit they were able to make contact with Defendant Chin within a few weeks at most. (*Id.* (saying Plaintiffs received a notice from Defendant Chin "[o]n or about January 2023" and that Plaintiffs "were finally able to contact" Defendant Chin "on or about January 24, 2024").) Thus, Plaintiffs' TILA and RESPA claims—or any claims against Defendant Chin for that matter—fall short of stating a claim under Rule 12(b)(6), and the Court therefore recommends dismissal.

## CONCLUSION

For the foregoing reasons the Court **RECOMMENDS** that the Motions be **GRANTED** as follows:

- Plaintiffs' Fourth Amendment and Fifth Amendment claims be dismissed without prejudice. *See Strozier v. Potter*, 71 F. App'x 802, 804 (10th Cir. 2003) ("A district court's dismissal for lack of subject matter jurisdiction should be without prejudice.").

- Plaintiffs' Seventh Amendment, criminal law, CFDCPA, TILA, and RESPA claims be dismissed with prejudice.[14]

The Court further **RECOMMENDS** that this case be closed.

---

[14] Though the Court would generally recommend the dismissal of Plaintiffs' Seventh Amendment, CFDCPA, TILA, and RESPA claims without prejudice, Plaintiffs have caused Defendants and the Court to expend significant time and resources on what appear to be entirely meritless claims about a foreclosure action that has long been resolved in state court. *See Avery v. Wade*, 2022 WL 17544077, at *2 (10th Cir. Dec. 9, 2022) (finding that the district court "didn't abuse its discretion in dismissing [the plainitff's] claims with prejudice" because he raised "indisputably meritless legal theor[ies]." (quoting *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992)).

17

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of August, 2024.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge