IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02939-PAB-MDB

KERI LYNN VIEGAS, and
JAMES VIEGAS,

      Plaintiffs,

v.

REED W. OWENS,
CHRIS KILKENNY,
KATHLEEN NEEL,
RANDALL M. CHIN,
NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC,
SHELLPOINT MORTGAGE SERVICING, and
GENA OSBORN,

      Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 107]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.  BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 107 at 2-6, and the Court adopts them for purposes of ruling on the objections. To the extent that plaintiffs Keri Lynn Viegas and James Viegas (collectively, the "plaintiffs") dispute how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

On November 7, 2023, plaintiffs filed this case against Judge Reed W. Owens, Chris Kilkenny, Kathleen Neel, Randall M. Chin, NewRez LLC, Shellpoint Mortgage Servicing ("Shellpoint"), and Gena Osborn.  Docket No. 1.  Plaintiffs' amended complaint asserts claims under the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution against all defendants pursuant to 42 U.S.C. § 1983.  Docket No. 72 at 1-4, 15, 36, ¶¶ 1, 5, 23, 30.  The amended complaint claims that Judge Owens, Mr. Chin, NewRez, and Shellpoint violated 18 U.S.C. §§ 241 and 242.  *Id*. at 13-15, ¶¶ 22-23.  The amended complaint also claims that Ms. Neel and Ms. Osborn violated 18 U.S.C. §§ 241 and 474.  *Id*. at 6-7, ¶ 10.  Furthermore, plaintiffs allege that NewRez and Shellpoint violated the Colorado Fair Debt Collection Practices Act ("CFDCPA"), Colo. Rev. Stat. § 5-16-107.  *Id*. at 8-9, ¶ 11.  Finally, plaintiffs appear to allege that Mr. Chin violated the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").  *See id*. at 9-10, ¶ 13.  Plaintiffs seek the following damages from each defendant: Judge Owens ($8 million), Ms. Kilkenny ($4 million), Ms. Neel ($4 million), Mr. Chin ($8 million), NewRez ($8 million), Shellpoint ($8 million), and Ms. Osborn ($4 million).  *Id*. at 37-38, ¶¶ 33-39.  Plaintiffs also request a "declaratory judgment to expunge the Deed of Trust from the county record."  *Id*. at 38.

On February 21, 2024, Ms. Neel filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), *see* Docket No. 80, Mr. Chin filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), *see* Docket No. 82, and Judge Owens and Ms. Kilkenny filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Docket No. 83.[1]  On April 24, 2024, NewRez and Shellpoint filed a motion to dismiss pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6).  Docket No. 99.  Plaintiffs filed responses to the motions.  Docket Nos. 85, 86, 87, 101.  Ms. Neel and Mr. Chin filed replies.  Docket Nos. 92, 94.

On August 23, 2024, Magistrate Judge Maritza Dominguez Braswell issued a recommendation to grant the motions to dismiss.  Docket No. 107.  Judge Dominguez Braswell recommends dismissing plaintiffs' Fourth and Fifth Amendment claims because those claims are barred under the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  *Id*. at 9-13.  She recommends dismissing plaintiffs' Seventh Amendment claim, which challenges the constitutionality of the hearing process in Colo. R. Civ. P. 120, as a matter of law because courts within this District have found that "[a]n administrative proceeding brought pursuant to Colo. R. Civ. P. 120 does not violate [a plaintiff's] Seventh Amendment rights."  *Id*. at 13-14 (quoting *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1065 (D. Colo. 2013), and citing *Ramsey v. Citibank, N.A.*, 2011 WL 4485918, at *4 (D. Colo. Sept. 28, 2011), *aff'd*, 475 F. App'x 711 (10th Cir. 2012) (unpublished)).

Furthermore, Judge Dominguez Braswell recommends dismissing any claims brought under 18 U.S.C. §§ 241, 242, and 474 because those federal criminal statutes do not create private rights of action.  *Id*. at 14-15 (collecting cases).  The magistrate judge recommends dismissing plaintiffs' CFDCPA claim under Fed. R. Civ. P. 9(b) because the amended complaint fails to state the alleged fraud with particularity.  *Id*. at

---

[1] Judge Owens and Ms. Kilkenny assert that they are entitled to absolute immunity and qualified immunity.  Docket No. 83 at 8-10, 15-17.  Ms. Neel asserts that she is entitled to qualified immunity.  Docket No. 80 at 9-15.

15-16.  Finally, Judge Dominguez Braswell recommends dismissing the TILA claim and the RESPA claim against Mr. Chin for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Id*. at 16-17.

Judge Dominguez Braswell recommends dismissing the Fourth and Fifth Amendment claims without prejudice because the *Rooker-Feldman* doctrine implicates the Court's subject matter jurisdiction.  *Id*. at 17.  She recommends dismissing all other claims with prejudice.  *Id*.  The recommendation states that any objections must be filed within fourteen days after service on the parties.  *Id*. at 18.  Plaintiffs filed a timely objection on September 4, 2024.  Docket No. 110.

## II.  LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*").  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record."  Fed. R.

Civ. P. 72(b), Advisory Committee Notes.  This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).  Because plaintiffs are proceeding pro se, the Court will construe their objections and pleadings liberally without serving as their advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

The Court construes plaintiffs' filing as raising eight objections.  *See* Docket No. 110 at 2-17.

### A.  <u>Objection One</u>

Plaintiffs' first objection appears to argue that Judge Dominguez Braswell has demonstrated bias against plaintiffs.  Plaintiffs assert that Judge Dominguez Braswell is engaging in judicial "activism" from the bench, "display[s] a continued practice of disregard for the Constitution," is committing "Treason" against plaintiffs, and is violating plaintiffs' due process rights by recommending dismissal of this case.  *Id*. at 5-6, 13.  Plaintiffs also contend that Judge Dominguez Braswell is "masquerading as a Magistrate Judge" and is not "in good behavior."  *Id*. at 16.  The Court construes this objection as requesting the recusal of Judge Dominguez Braswell.

As the Court has previously explained in this case,

Under 28 U.S.C. § 455(a), a federal judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "Section 455 establishes 'an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality.'"  *United States v. Mobley*, 971 F.3d 1187, 1205 (10th Cir. 2020) (quoting *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017)).  "In conducting this review, [the court] must ask how these facts would appear to a well informed, thoughtful and

objective observer, who is an average member of the public, not a hypersensitive, cynical, and suspicious person."  *Id.* (internal quotations and citation omitted).  "Though judges 'have a strong duty to recuse when appropriate,' they also have 'a strong duty to sit,' and § 455 must not be so broadly construed as to make recusal mandated 'upon the merest unsubstantiated suggestion of personal bias or prejudice.'"  *Id.* (quoting *Wells*, 873 F.3d at 1251).  The "statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."  *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000) (citation omitted).  The party moving to disqualify a judge has the burden of proof.  *Davis v. U.S. Dep't of Justice*, 2024 WL 3617343, at *3 (10th Cir. Aug. 1, 2024) (collecting cases).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 849 (10th Cir. 2014) (unpublished) ("Unfavorable judicial rulings and ordinary efforts at courtroom administration are insufficient grounds for recusal.").  Rather, recusal based on a judge's decisions, opinions, or remarks "is necessary when a judge's actions or comments 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'"  *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky*, 510 U.S. at 555).  Adverse rulings that do not evidence such favoritism or antagonism "are grounds for appeal, not recusal."  *Id.* (citation omitted).

Docket No. 109 at 2-3.  The recommendation, although adverse to plaintiffs, is insufficient alone to raise a question about Judge Dominguez Braswell's impartiality. *See Liteky*, 510 U.S. at 555.  Plaintiffs identify no portions of the recommendation that "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *See Nickl*, 427 F.3d at 1298.  Plaintiffs' suggestion that Judge Dominguez Braswell is engaging in judicial "activism" from the bench and is not "in good behavior," *see* Docket No. 110 at 6, 16, are too vague to suggest bias and, even if they so suggest, are merely "unsubstantiated suggestion[s] of personal bias or prejudice."  *See Mobley*, 971 F.3d at 1205.  Plaintiffs provide no facts in support of these arguments.  As a result, the Court overrules plaintiffs' first objection.

B. **Objection Two**

Plaintiffs' second objection raises several disputes with Judge Dominguez Braswell's factual findings in the background section of the recommendation. First, plaintiffs argue that the magistrate judge made a "false presumption" in assuming that this case is about a "Foreclosure." Docket No. 110 at 5. The Court finds that Judge Dominguez Braswell correctly concluded that the amended complaint raises allegations about a "foreclosure action." *See* Docket No. 107 at 4-5. The amended complaint alleges that Mr. Chin informed plaintiffs in January 2023 about an "alleged debt on an unenforceable Deed of Trust." Docket No. 72 at 9, ¶ 13. The amended complaint alleges that Judge Owens held a "Rule 120 hearing" and "ordered the forced sale of private property" on August 16, 2023. *Id*. at 13-15, ¶¶ 22-23.[2] The amended complaint alleges that Judge Owens "conspired" with Mr. Chin, NewRez, and Shellpoint to "unlawfully force [the] sale [of] a real property." *Id*. at 15, ¶ 23. Moreover, the state court docket in Case No. 2023CV30065 in Summit County, Colorado shows that NewRez, through Mr. Chin, filed a foreclosure case against plaintiffs under Colo. R. Civ. P. 120 on April 30, 2023. *See NewRez LLC v. Viegas*, Case No. 2023CV30065.[3] The docket shows that Judge Owens issued an order authorizing the sale of plaintiffs'

---

[2] Rule 120 of the Colorado Rules of Civil Procedure governs the process of seeking a court order "authorizing a foreclosure sale under a power of sale contained in a deed of trust to a public trustee." Colo. R. Civ. P. 120(a).

[3] The Court takes judicial notice of the state court docket in Case No. 2023CV30065. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (holding that a court may take judicial notice of facts which are a matter of public record when considering a motion to dismiss); *Stan Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (noting that a court may "take judicial notice of documents and docket materials filed in other courts").

property in that case on August 16, 2023.  *Id*.  Accordingly, the Court overrules this portion of the objection.

Next, plaintiffs argue that Judge Dominguez Braswell "incorrectly refers to Defendant Reed W. Owens as 'Defendant Judge Owens.'"  Docket No. 110 at 5. Plaintiffs appear to argue that Judge Owens is not a judicial officer.  *See id*.  The complaint refers to "Defendant Judge Reed W. Owens" as the judge for the Rule 120 hearing.  Docket No. 72 at 14, ¶ 22.  The state court docket in Case No. 2023CV30065 lists "Reed W. Owens" as the judicial officer on the case.  *See NewRez LLC v. Viegas*, Case No. 2023CV30065.  Moreover, the Colorado Judicial Branch's website lists "Reed W. Owens" as a district court judge for Summit County, Colorado.  *See Colorado Judicial Branch*, Reed W. Owens, https://www.coloradojudicial.gov/contact/reed-w-owens (last visited September 6, 2024).[4]  Accordingly, the Court overrules this portion of the objection.

### C.  Objection Three

Plaintiffs argue that Judge Dominguez Braswell "ignore[d] all Exhibits attached to the 'Amended' Complaint and thereby makes recommendations in contradiction to law." Docket No. 110 at 7.  In particular, plaintiffs contend that the magistrate judge ignored Exhibit C to the amended complaint, which states, in part, that "agencies were being given faux authority to take liberty, property, and rights from the People."  *Id*. at 8.

---

[4] The Court takes judicial notice of the Colorado Judicial Branch's website.  *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (noting that courts may take "judicial notice of factual information found on the world wide web"); *Rahimian v. Blinken*, 2023 WL 143644, at *2 n.1 (D.D.C. Jan. 10, 2023) (noting that courts "may take judicial notice of information posted on official public websites of government agencies").

Moreover, plaintiffs argue that Judge Dominguez Braswell "regurgitates case law that doesn't apply in common law." *Id*. at 17.  Plaintiffs contend that the amended complaint "sufficiently provides claims against Defendants relating to violating Constitutional rights." *Id*. at 2.

Plaintiffs' third objection is not specific because it provides no explanation why the factual and legal conclusions in the recommendation are erroneous.  *See One Parcel*, 73 F.3d at 1059 (discussing how a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute").  Plaintiffs do not explain what information Judge Dominguez Braswell purportedly failed to consider in the exhibits, or how that information impacts the factual findings or legal analysis in the recommendation.  Moreover, plaintiffs do not identify any specific case law in the recommendation that is allegedly inapplicable.  Accordingly, plaintiffs' third objection is insufficient.  *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished))); *see also Barnes v. Omnicell*, 2024 WL 2744761, at *4 (10th Cir. May 28, 2024) (affirming district court's conclusion that plaintiff's "objections were not sufficiently specific to focus the district court's attention on the legal and factual issues because he failed to identify the parts of

the recommendation that contained the alleged lies").  Accordingly, the Court overrules plaintiffs' third objection.[5]

### D.  Objection Four

Plaintiffs argue that Judge Dominguez Braswell "incorrectly" concludes that plaintiffs cannot assert claims under the federal criminal statutes.  Docket No. 110 at 10-11, 14.  Plaintiffs contend that

> Defendants['] actions using statutes and ordinances to file unenforceable documents along with persons acting as judges, clerks, and trustees without due process violate Title 18 USC § 242 and together violate Title 18 USC § 241.  We the People have the right to bring grievances against any person who violates the unalienable rights of We the People using color of law.

*Id*. at 11.  Plaintiffs assert that the cases cited in the recommendation "do not apply to We the People."  *Id*.  Plaintiffs insist that "We the People can bring suit against any person who has cause[d] injury to a Court of Record."  *Id*.

The Court finds that Judge Dominguez Braswell correctly concluded that plaintiffs cannot assert any claims under 18 U.S.C. §§ 241, 242, and 474 because those federal criminal statutes do not create private rights of action.  *See, e.g.*, *Henry v. Albuquerque*

---

[5] Plaintiffs also state that Judge Dominguez Braswell and defendants "have not responded line by line by Affidavit to any of the Responses/Objections by Affidavits entered into the Court of Record and therefore agree to the Unrebutted Facts stated in those Responses/Objections."  Docket No. 110 at 2 (citing Docket Nos. 85, 86, 87, 101).  Plaintiffs argue that the magistrate judge "must accept [their responses] as FACT."  *Id*.  Plaintiffs provide no legal authority, and the Court is unaware of any authority, suggesting that a magistrate judge is required to respond "line by line" to every argument raised in a response to a motion to dismiss.  *See id*.  To the extent plaintiffs argue that they can add new factual allegations to their complaint through their responses to the motions to dismiss, the Court rejects that argument.  *See Abdulina v. Eberl's Temp. Servs., Inc*., 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015) (noting that a plaintiff "cannot amend her complaint by adding factual allegations in response to Defendant's motion to dismiss" (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)).

*Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (unpublished) (affirming district court's finding that "18 U.S.C. §§ 241 and 242 . . . do not provide for a private civil cause of action"); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming district court's dismissal of claims alleging violations of 18 U.S.C. § 241 because that criminal statute does "not provide for a private right of action and [is] thus not enforceable through a civil action"); *Rigler v. Lampert*, 248 F. Supp. 3d 1224, 1233 (D. Wyo. 2017) (dismissing claims under 18 U.S.C. §§ 241 and 242 because those federal criminal statutes "do not provide for a private civil cause of action"); *Willis v. Green Tree Servicing, LLC*, 2015 WL 5139307, at *6 n.7 (E.D. Mich. Sept. 1, 2015) (noting that 18 U.S.C. § 474 "explicitly prohibits criminal conduct and does not provide [an individual] with a private right of action").

The Court rejects plaintiffs' argument that they can assert claims under the federal criminal statutes because plaintiffs are acting on behalf of "We the People."  *See* Docket No. 110 at 11.  "[I]t is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual."  *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 3940931, at *1 (D. Colo. Aug. 21, 2019) (quoting *Price v. Hasly*, 2004 WL 1305744, at *2 (W.D.N.Y. June 8, 2004) (citing *Leeke v. Timmerman*, 454 U.S. 83 (1981))); *see also Keyter v. 535 Members of 110th Cong.*, 277 F. App'x 825, 827 (10th Cir. 2008) (unpublished) ("a private citizen[ ] has no standing to initiate federal criminal prosecutions").  The "United States and its attorneys have the sole power to prosecute criminal cases in the federal courts."  *Bellinsky v. Galan*, No. 23-cv-03163-PAB-STV, 2024 WL 1330076, at *3 (D. Colo. Mar. 28, 2024)

(quoting *Maine v. Taylor*, 477 U.S. 131, 136 (1986)).  As a result, the Court overrules plaintiffs' fourth objection.

### E.  <u>Objection Five</u>

Plaintiffs argue that the magistrate judge erred in concluding that plaintiffs' Fourth and Fifth Amendment claims are barred by the *Rooker-Feldman* doctrine.  Docket No. 110 at 6.  "*Rooker-Feldman* prevents federal courts, with the notable exception of the United States Supreme Court, from exercising jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The *Rooker-Feldman* doctrine is "tied to Congress's decision to vest federal appellate jurisdiction over state court judgments exclusively in the United States Supreme Court."  *Id.* (citing *Exxon Mobil Corp.*, 544 U.S. at 283; 28 U.S.C. § 1257).

The *Rooker-Feldman* doctrine implicates a court's subject matter jurisdiction and applies where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment."  *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023).  The *Rooker-Feldman* doctrine applies when a litigant's claim seeks to "modify or set aside a state court judgment."  *Graff*, 65 F.4th at 515; *see also Williams v. HSBC Bank USA, N.A.*, 681 F. App'x 693, 695 (10th Cir. 2017) (unpublished) ("the type of judicial action barred by *Rooker-Feldman* consists of a review of the proceedings

already conducted by the lower tribunal to determine whether it reached its result in accordance with law" (citation and internal alterations omitted)); *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (holding that *Rooker-Feldman* applies to "claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment" (citation omitted)).  However, "*Rooker-Feldman* does not bar a federal court claim merely because it seeks relief inconsistent with a state court judgment."  *Graff*, 65 F.4th at 515.

Judge Dominguez Braswell concluded that the *Rooker-Feldman* doctrine would bar plaintiffs' Fourth and Fifth Amendment claims.  Docket No. 107 at 9-13.  Judge Dominguez Braswell found that "Plaintiffs take issue with the foreclosure action and contend that a deprivation of their rights resulted in the foreclosure, and attendant injuries."  *Id*. at 11.  For the Fifth Amendment claim, the magistrate judge found that, to the extent that plaintiffs assert a "violation of their due process rights in connection with the foreclosure proceeding," such a claim would "directly challenge the process previously afforded during the foreclosure proceeding" and is thus barred by *Rooker-Feldman*.  *Id*. at 12 (citing *Dillard v. Bank of New York*, 476 F. App'x 690, 692 (10th Cir. 2012) (unpublished); *Driskell*, 971 F. Supp. 2d at 1065).  The magistrate judge noted that "Plaintiffs' invocation of the Fourth Amendment's protection from unlawful searches and seizures is vague and of unclear application to the facts at issue" in this case.  *Id*. at 13.  Nevertheless, she found that "a Fourth Amendment search and seizure challenge to the foreclosure and sale of" plaintiffs' property "is barred by the *Rooker-Feldman* doctrine because it amounts to a collateral attack on a state court judgment."  *Id*. (citing *Dillard v. Clark*, No. 12-cv-02266-BNB, 2013 WL 1685840, at *5 (D. Colo. Apr. 18,

2013); *Driskell*, 971 F. Supp. 2d at 1065).  As a result, the magistrate judge recommends dismissing the Fourth and Fifth Amendment claims without prejudice for lack of jurisdiction.  *Id*. at 17.

Plaintiffs argue that an "Article III Court does not lack subject matter jurisdiction regarding violations of We the People's Constitutional Rights."  Docket No. 110 at 5. Plaintiffs assert that Judge Dominguez Braswell "improperly uses an unlawful '*Rooker-Feldman*' doctrine that is not Law to strip the Article III Federal Court of jurisdiction."  *Id*. at 6.  Furthermore, plaintiffs contend that they are "not relitigating matters or appealing a decision from a lower court that has no jurisdiction."  *Id*.  Rather, plaintiffs assert that their claims allege that "Defendants violate Due Process rights by unlawfully colluding together to seize property and cause harm to Plaintiffs under Color of Law thus violating unalienable Constitutional rights."  *Id*. at 8.  Plaintiffs insist that "misrepresentations" and "inactions" by "Defendants relating to Constitutional due process" are at issue in this case.  *Id*. at 6.[6]

As a preliminary matter, the Court rejects plaintiffs' argument that the *Rooker-Feldman* doctrine is an "unlawful" doctrine.  *See* Docket No. 110 at 6.  The Tenth Circuit has repeatedly recognized the validity of the *Rooker-Feldman* doctrine, noting that it implicates a court's subject matter jurisdiction.  *See, e.g.*, *Bruce*, 57 F.4th at 746; *Graff*, 65 F.4th at 515; *Kline*, 861 F.3d at 1180.  The doctrine "reflects Congress's decision to

---

[6] With no further explanation, plaintiffs contend that the magistrate judge "misrepresents" their claims by relying on *Driskell*.  Docket No. 110 at 7.  This portion of the objection is not specific because it provides no explanation why the factual and legal conclusions in the recommendation are erroneous.  *See One Parcel*, 73 F.3d at 1059.

14

locate federal appellate jurisdiction over state court judgments exclusively in the Supreme Court." *Bruce*, 57 F.4th at 746.

The rest of plaintiffs' objection appears to challenge the magistrate judge's finding on the fourth element of the *Rooker-Feldman* doctrine, namely, whether plaintiffs are "asking the district court to review and reject the state court judgment." *See Bruce*, 57 F.4th at 746.  Accordingly, the Court will review that element de novo.[7]  The Court agrees with Judge Dominguez Braswell's finding that plaintiffs' Fourth and Fifth Amendment claims are "inextricably intertwined" with the state court proceeding.  *See* Docket No. 107 at 12-13.  The amended complaint alleges that Judge Owens held an "unconstitutional Rule 120 Hearing" on August 16, 2023 and that Judge Owens committed many "[c]onstitutional violations" during the hearing.  Docket No. 72 at 13-14, ¶¶ 21-22.  Plaintiffs allege that Judge Owens did "not acknowledg[e] facts . . . provided by the Plaintiffs" and "refused to accept Plaintiff Keri Lynn Viegas' Birth Certificate

---

[7] Plaintiffs did not object to the magistrate judge's findings on the other three elements of the *Rooker-Feldman* doctrine.  Recently, the Tenth Circuit has noted that federal district courts in Colorado have "reached differing results concerning whether orders in Rule 120 proceedings have . . . sufficient finality under the *Rooker-Feldman* doctrine to prevent relitigation in subsequent federal proceedings." *Mayotte v. U.S. Bank Nat'l Ass'n for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1175 n.3 (10th Cir. 2018) (quoting *In re Miller*, 666 F.3d 1255, 1262 n.6 (10th Cir. 2012)).  In *Mayotte*, the Tenth Circuit assumed, without deciding, that "the Rule 120 order authorizing the sale of the property . . . could be considered a [final] judgment under *Rooker-Feldman*." *Id.* at 1175.  Here, plaintiffs do not argue that the magistrate judge committed any error in concluding that Judge Owens' order from the Rule 120 proceedings was a final judgment under *Rooker-Feldman*.  As a result, the Court declines to consider that issue.  *See Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Hunter v. HCA*, 812 F. App'x 774, 776 (10th Cir. 2020) (unpublished) (noting that the firm waiver rule provides that a party's "failure to make timely objections" to the magistrate judge's recommendation "waives appellate review of both factual and legal questions").

Bond." *Id*. at 14, ¶ 22.  Plaintiffs allege that Judge Owens "conspired" with Mr. Chin,

NewRez, and Shellpoint during the hearing and "knowingly ordered the forced sale of

private property on August 16th, 2023 based upon fraudent [sic] information and with

objective bad faith conduct to include no due process."  *Id*. at 15, ¶ 23.  Furthermore,

plaintiffs allege that Ms. Kilkenny violated their due process rights by ignoring plaintiffs'

communications prior to the hearing.  *Id*., ¶ 22.  Plaintiffs contend that "[a]ll Defendants

with their actions as a collective" violated plaintiffs' Fourth and Fifth Amendment rights.

*Id*. at 36, ¶ 30.  In addition to monetary damages, plaintiffs request that the Court

"expunge the Deed of Trust from the county record."  *Id*. at 38.

     "Attempts to recast state court losses as deprivations of constitutional rights do

not overcome the *Rooker-Feldman* jurisdictional bar."  *Bruce*, 57 F.4th at 749.  Contrary

to plaintiffs' insistence that they are "not relitigating matters or appealing a decision from

a lower court," *see* Docket No. 110 at 6, the Court finds that plaintiffs' allegations and

requested relief seek to "modify or set aside a state court judgment" in Case No.

2023CV30065.  *See Graff*, 65 F.4th at 515.  In this case, plaintiffs seek "monetary relief

that would directly compensate [them] for losses caused by the state court's

determination" at the Rule 120 hearing, which would "effectively undo" that decision.

*See Bruce*, 57 F.4th at 750.  "This is precisely the relief the *Rooker-Feldman* doctrine

says lower federal courts are powerless to provide."  *Id*.  As a result, the Court agrees

with the magistrate judge's recommendation that plaintiffs' Fourth and Fifth Amendment

claims are barred under the *Rooker-Feldman* doctrine.  *See Dillard*, 476 F. App'x at

691-92 (holding that plaintiff's due process claim was barred by the *Rooker-Feldman*

doctrine because she "unquestionably sought review and rejection of the state court

foreclosure and eviction proceedings"); *Castro v. Kondaur Cap. Corp.*, 541 F. App'x 833, 837-38 (10th Cir. 2013) (unpublished) (affirming district court's conclusion that plaintiffs' due process claim arising out of a Rule 120 foreclosure proceeding was barred by the *Rooker-Feldman* doctrine because "reviewing Plaintiffs' due process claim would impermissibly involve a reexamination of the underlying state court proceedings and judgment"); *Driskell*, 971 F. Supp. 2d at 1065 (dismissing plaintiff's Fifth Amendment due process claim and Fourth Amendment unlawful seizure claim arising out of a Rule 120 hearing because reviewing those claims "would impermissibly involve a reexamination of the underlying state court proceedings and judgments, which is barred by the *Rooker-Feldman* doctrine"); *Bishop v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 17-cv-01188-RM-KLM, 2018 WL 4368614, at *3 (D. Colo. Mar. 6, 2018) (holding that plaintiff's due process claim – alleging "a host of defects in Rule 120 proceedings, including a lack of discovery, the inability to present evidence of fraud, and the inability to appeal Rule 120 orders" – was barred by the *Rooker-Feldman* doctrine). The Court therefore overrules plaintiffs' fifth objection.[8]

### F.  Objection Six

Plaintiffs argue that Judge Dominguez Braswell is denying plaintiffs' right to a jury trial.  Docket No. 110 at 7, 12.  Plaintiffs state that they have "a right to present witnesses and evidence on the Court of Record to a Jury of Peers as afforded by the Constitution."  *Id*. at 12.  The Court construes this objection as arguing that plaintiffs'

---

[8] Even if plaintiffs' Fourth and Fifth Amendment claims were not barred by the *Rooker-Feldman* doctrine, the magistrate judge alternatively recommends that the claims should be dismissed under Fed. R. Civ. P. 12(b)(6) due "their vague, conclusory, and confusing nature."  Docket No. 107 at 13 n.11.  Plaintiffs do not object to this portion of the recommendation.

case cannot be dismissed at the pleading stage because plaintiffs are entitled to a jury

trial under the Seventh Amendment.  "The Tenth Circuit has repeatedly held, however,

that judges can dismiss a case at the pleading stage or at the summary judgment stage

without violating the Seventh Amendment right to a jury trial."  *Harris v. City of Aurora*,

No. 21-cv-02080-PAB-KLM, 2023 WL 2534859, at *2 (D. Colo. Mar. 16, 2023) (citing

*Sutton v. Leeuwen*, 708 F. App'x 514, 517 (10th Cir. 2017) (unpublished) (citing

*Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001)); *Smith v. Kitchen*, 156 F.3d

1025, 1029 (10th Cir. 1997) ("The district court's dismissal of Smith's complaint under

Rule 12(b)(6) did not violate Smith's right to a jury trial under the Seventh Amendment:

When Smith failed to plead any facts that would overcome the defendants' complete

defenses, there were no facts to be 'tried' by a jury.")).  Dismissal of plaintiffs' complaint

at the pleading stage does not violate plaintiffs' right to a jury trial.  *See Sutton*, 708 F.

App'x at 517.  Accordingly, the Court overrules plaintiffs' sixth objection.

### G.  Objection Seven

Plaintiffs argue that Judge Dominguez Braswell "incorrectly applies immunity law

to conclude that Defendant Reed W. Owens, Kathleen Neel, and Chris Kilkenny have

immunity for not providing due process for plaintiffs."  Docket No. 110 at 14.  Plaintiffs

argue that "Reed W. Owens, Kathleen Neel, and Chris Kilkenny's actions violate the

Constitutional rights for due process and therefore are not immune."  *Id*. at 14-15.

Judge Dominguez Braswell did not recommend granting absolute immunity or

qualified immunity to Judge Owens, Ms. Neel, or Ms. Kilkenny on any claims.  Rather,

the magistrate judge recommends dismissing the Fourth and Fifth Amendment claims

under the *Rooker-Feldman* doctrine; dismissing the claims brought under 18 U.S.C.

§§ 241, 242, and 474 because there is no private right of action under those criminal statutes; and dismissing the Seventh Amendment claim as a matter of law.  Docket No. 107 at 9-15.  As a result, the Court overrules plaintiffs' seventh objection as moot.

### H.  Objection Eight

Plaintiffs object to the magistrate judge's recommendation to dismiss certain claims with prejudice.  Docket No. 110 at 12.  The magistrate judge recommends dismissing with prejudice plaintiffs' Seventh Amendment claim, CFDCPA claim, TILA claim, and RESPA claim, as well as all claims brought under the criminal statutes. Docket No. 107 at 17.

The magistrate judge explained that

> [t]hough the Court would generally recommend the dismissal of Plaintiffs' Seventh Amendment, CFDCPA, TILA, and RESPA claims without prejudice, Plaintiffs have caused Defendants and the Court to expend significant time and resources on what appear to be entirely meritless claims about a foreclosure action that has long been resolved in state court.  *See Avery v. Wade*, 2022 WL 17544077, at *2 (10th Cir. Dec. 9, 2022) (finding that the district court "didn't abuse its discretion in dismissing [the plaintiff's] claims with prejudice" because he raised "indisputably meritless legal theor[ies]." (quoting *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992)).

*Id*. at 17 n.14.

Plaintiffs argue that this portion of the "recommendation is general and not based on law but based on false misrepresentation and opinions."  Docket No. 110 at 12 (emphasis omitted).  Plaintiffs state that the magistrate judge "has not provided any data regarding these false allegations."  *Id*.  Plaintiffs' eighth objection is not specific because it provides no explanation why the legal conclusion in the recommendation is erroneous. *See One Parcel*, 73 F.3d at 1059.  The Court agrees with the magistrate judge's conclusion to dismiss these claims with prejudice.  *See Avery*, 2022 WL 17544077, at

*2 (noting that a district court may dismiss a pro se complaint with prejudice if the complaint "relies on an indisputably meritless legal theory"); *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (unpublished) (holding that "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend'") (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)); *Cole v. DeJoy*, 2021 WL 4699093, at *2 (10th Cir. Oct. 8, 2021) ("After two inadequate revisions, it was reasonable for the district court to conclude that granting another opportunity to amend would be futile") (citation and internal quotations omitted)).  The Court therefore overrules plaintiffs' eighth objection.

## I.   <u>Non-Objected to Portions of the Recommendation</u>

The Court has reviewed the rest of the recommendation to satisfy itself that there are "no clear error[s] on the face of the record."  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

## IV. CONCLUSION

It is therefore

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 107] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiffs Objection to Recommendations of United States Magistrate Judge by Affidavit of Truth and Fact [Docket No. 110] is **OVERRULED**.  It is further

ORDERED that Defendant Kathleen Neel's Motion to Dismiss [Docket No. 80] is **GRANTED**.  It is further

ORDERED that Defendant Randall M. Chin's Motion to Dismiss [Docket No. 82] is **GRANTED**.  It is further

ORDERED that Defendants Judge Reed W. Owens' and Chris Kilkenny's Motion to Dismiss [Docket No. 83] is **GRANTED**.  It is further

ORDERED that Defendants' Motion to Dismiss Plaintiffs' First Amended Original Complaint [Docket No. 99] is **GRANTED**.  It is further

ORDERED that plaintiffs' Fourth and Fifth Amendment claims are **DISMISSED without prejudice**.  It is further

ORDERED that all other claims are **DISMISSED with prejudice**.  It is further

ORDERED that this case is closed.


DATED September 10, 2024.


BY THE COURT:


PHILIP A. BRIMMER
Chief United States District Judge