IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02939-PAB-MDB

KERI LYNN VIEGAS, and
JAMES VIEGAS,

    Plaintiffs,

v.

REED W. OWENS,
CHRIS KILKENNY,
KATHLEEN NEEL,
RANDALL M. CHIN,
NEWREZ LLC F/K/A NEW PENN FINANCIAL LLC,
SHELLPOINT MORTGAGE SERVICING, and
GENA OSBORN,

    Defendants.

## ORDER

This matter comes before the Court on Defendant Kathleen Neel's Motion for Attorney's Fees [Docket No. 118]. Plaintiffs did not file a response.

### I. BACKGROUND

On November 7, 2023, plaintiffs filed this case against Judge Reed W. Owens, Chris Kilkenny, Kathleen Neel, Randall M. Chin, NewRez LLC, Shellpoint Mortgage Servicing ("Shellpoint"), and Gena Osborn. Docket No. 1. Plaintiffs' amended complaint asserts claims under the Fourth, Fifth, and Seventh Amendments of the U.S. Constitution against all defendants pursuant to 42 U.S.C. § 1983. Docket No. 72 at 1-4, 15, 36, ¶¶ 1, 5, 23, 30. The amended complaint also claims that Ms. Neel violated 18 U.S.C. §§ 241 and 474. *Id*. at 6-7, ¶ 10.

On February 21, 2024, Ms. Neel filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Docket No. 80.  On August 23, 2024, Magistrate Judge Maritza Dominguez Braswell issued a recommendation to grant the motion to dismiss.  Docket No. 107.  Judge Dominguez Braswell recommended dismissing plaintiffs' Fourth and Fifth Amendment claims because those claims are barred under the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  *Id*. at 9-13.  She recommended dismissing plaintiffs' Seventh Amendment claim, which challenges the constitutionality of the hearing process in Colo. R. Civ. P. 120, as a matter of law because courts within this District have found that "[a]n administrative proceeding brought pursuant to Colo. R. Civ. P. 120 does not violate [a plaintiff's] Seventh Amendment rights."  *Id*. at 13-14 (quoting *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1065 (D. Colo. 2013), and citing *Ramsey v. Citibank, N.A*., 2011 WL 4485918, at *4 (D. Colo. Sept. 28, 2011), *aff'd*, 475 F. App'x 711 (10th Cir. 2012) (unpublished)).  Furthermore, Judge Dominguez Braswell recommended dismissing any claims brought under 18 U.S.C. §§ 241, 242, and 474 because those federal criminal statutes do not create private rights of action.  *Id*. at 14-15 (collecting cases).  Judge Dominguez Braswell recommended dismissing the Fourth and Fifth Amendment claims without prejudice because the *Rooker-Feldman* doctrine implicates the Court's subject matter jurisdiction.  *Id*. at 17.  She recommended dismissing all other claims with prejudice.  *Id*.  Plaintiffs filed a timely objection on September 4, 2024.  Docket No. 110.

On September 10, 2024, the Court accepted Judge Dominguez Braswell's recommendation and overruled plaintiffs' objection.  Docket No. 111.  Final judgment

2

was entered the same day. Docket No. 112. On October 8, 2024, Ms. Neel filed the instant motion for attorney's fees. Docket No. 118.

II. ANALYSIS

"'Our basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) (citation omitted). Section 1988(b) provides: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Although "a prevailing plaintiff should ordinarily recover an attorney's fee" under this provision, "a prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 & n.2 (1983). "This is a high bar for a prevailing defendant to meet." *Utah Animal Rights Coalition v. Salt Lake Cnty.*, 566 F.3d 1236, 1245 (10th Cir. 2009). The Tenth Circuit has cautioned, "rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1203 (10th Cir. 2000).

Ms. Neel contends that plaintiffs' claims are premised on their "nonsense" legal theory that plaintiffs' obligation to pay their mortgage "ended when each and every transaction of the security instrument underlying their mortgage was not recorded in Summit County," such that plaintiffs could "fraudulently convey their property to the detriment of another potential buyer and the lender who owned a securitized interest in

3

their home." Docket No. 118 at 5-6. Ms. Neel argues that plaintiffs knew their claims were frivolous because they were rejected by a Colorado state court judge in the underlying foreclosure proceeding. *Id.* at 7. Furthermore, Ms. Neel notes that plaintiffs have "not confined their litigious conduct to a single foreclosure case" and have filed several lawsuits that challenge valid foreclosures on their property.[1] *Id.*

"Attorney fees are not available against a pro se litigant unless the action is 'meritless in the sense that it is groundless or without foundation.'" *Olsen v. Aebersold*, 149 F. App'x 750, 753 (10th Cir. 2005) (unpublished) (quoting *Hughes v. Rowe,* 449 U.S. 5, 14 (1980)). Furthermore, a district court should "consider the pro se plaintiff's ability to recognize the objective merit of his or her claim." *Houston v. Norton*, 215 F.3d 1172, 1175 (10th Cir. 2000). Given that plaintiffs' Fourth and Fifth Amendment claims against Ms. Neel were dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because they are barred by *Rooker-Feldman*, the Court does not find it appropriate to order plaintiffs to pay attorney's fees as it relates to these claims. Docket No. 111 at 12-17; *see also* Docket No. 107 at 9-13. "[T]he complexities of the law regarding jurisdiction and abstention" recommend against imposing attorney's fees on plaintiffs. *Tannehill v. Tannehill*, 2019 WL 847946, at *10 (W.D. La. Jan. 23, 2019), *report and recommendation adopted*, 2019 WL 847445 (W.D. La. Feb. 21, 2019). Furthermore, at

---

[1] Plaintiffs' cases include: *Viegas v. Owens*, 23-cv-02939-PAB-MDB (D. Colo. 2023); *Viegas v. Kane,* No. 23-cv-03291-PAB-MDB (D. Colo. 2023); *Viegas v. LoanDepot Inc.*, No. 24-cv-02822-PAB-STV (D. Colo. 2024); *Viegas v. Rojas,* No. 24-cv-03174-PAB-STV (D. Colo. 2024); *Viegas v. Braswell*, 24-cv-02175-PAB-STV (D. Colo. 2024); *Viegas v. Partner Colorado Credit Union*, 24-cv-00415 (D. Colo. 2024); *Viegas v. Toyota Fin. Servs.*, 24-cv-00668-PAB-STV (D. Colo. 2024); *Viegas v. Jones*, 23-cv-10066-JEM (S.D. Fla. 2023).

the time of filing their complaint, plaintiffs had not yet filed any action in this District and were not yet on notice that their claims challenging state foreclosure proceedings are barred by *Rooker-Feldman.* Therefore, the Court declines to award Ms. Neel her attorney's fees associated with defending against plaintiffs' Fourth and Fifth Amendment claims. *See Norton v. Columbus Cnty. Dep't of Soc. Servs.,* 2018 WL 6037520, at *3 (E.D.N.C. Nov. 15, 2018) (declining to award prevailing defendant its attorney's fees where "it is not evident that this *pro se* plaintiff was aware, or should have been aware, that the *Rooker-Feldman* doctrine prohibits jurisdiction by this court or that he filed this action in bad faith"); *Murray v. Dep't of Consumer & Bus. Servs.*, 2010 WL 3604657, at *12 (D. Or. Aug. 12, 2010), *report and recommendation adopted,* 2010 WL 3604536 (D. Or. Sept. 10, 2010) (recommending that defendant not be awarded attorney's fees because "[w]hile plaintiff's claims do not survive a motion to dismiss, the recommended ruling herein is based on a number of legal theories, some of which, such as the Eleventh Amendment and *Rooker–Feldman,* are challenging to understand and apply even for many attorneys").

Turning to plaintiffs' remaining claims, their Seventh Amendment claim was dismissed because courts within this District have found that "[a]n administrative proceeding brought pursuant to Colo. R. Civ. P. 120 does not violate [a plaintiff's] Seventh Amendment rights." Docket No. 107 at 13-14 (quoting *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1065 (D. Colo. 2013), and citing *Ramsey v. Citibank, N.A*., 2011 WL 4485918, at *4 (D. Colo. Sept. 28, 2011), *aff'd*, 475 F. App'x 711 (10th Cir. 2012) (unpublished)); *see also* Docket No. 111 at 17-18(cited above). Plaintiffs' claims brought pursuant to 18 U.S.C. §§ 241, 242, and 474 were dismissed because they are

5

federal criminal statutes that do not create private rights of action. Docket No. 107 at 14-15; *see also* Docket No. 111 at 10-12. As Ms. Neel notes, plaintiffs' basis for bringing such claims is not grounded on a cognizable legal theory, but rather "premised (in part) on legal opinions of a private investigator from Texas" and "mixed with references to religious text." Docket No. 118 at 6. While plaintiffs' belief in the merits of their claims is groundless, the Court does not find that this is the rare case that is "sufficiently frivolous to justify imposing attorney fees on the plaintiff." *Mitchell*, 218 F.3d at 1203. As discussed previously, plaintiffs had not yet filed any case in this District challenging foreclosure proceedings at the time of filing their complaint. Therefore, plaintiffs had not yet received a ruling on the merits of their Seventh Amendment and 18 U.S.C. §§ 241, 242, and 474 claims. Accordingly, the Court declines to award Ms. Neel her attorney's fees for costs associated with defending against plaintiffs' Seventh Amendment and 18 U.S.C. §§ 241, 242, and 474 claims.

Because Ms. Neel has not met the "high bar" that a prevailing defendant must meet in order to receive attorney's fees, the Court will deny her motion. *See Utah Animal Rights Coalition*, 566 F.3d at 1245.

### III. CONCLUSION

Therefore, it is

**ORDERED** that Defendant Kathleens Neel's Motion for Attorney's Fees [Docket No. 118] is **DENIED**.

DATED September 4, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge